CLD-118                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3687
_____

IN RE: FREDERICK H. BANKS,
                                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. No. 2-15-cr-00168-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 28, 2019
Before:  CHAGARES, RESTREPO and SCIRICA, Circuit Judges

(Opinion filed: March 13, 2019)
_____

OPINION*
_____

PER CURIAM

Frederick Banks is currently awaiting trial in the United States District Court for

the Western District of Pennsylvania on charges of interstate stalking, 18 U.S.C.

§ 2261(a)(2), aggravated identity theft, § 1028A(a)(1), making false statements,

§ 1001(a)(3), and wire fraud, § 1343.

On November 30 2018, Banks filed a petition for a writ of mandamus in this

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Court.  Banks states that in September 2018, he requested copies of certain discovery documents from the District Court Clerk's office, but never received them.  According to Banks, the Clerk's office advised him that the documents had been sent and that he should contact his prison mail room about the matter.  Banks now asks us to: (1) order members of the District Court Clerk's office to deliver the documents to him; and (2) contact the prison mailroom to "ascertain why the documents were not delivered to [him]."

We will deny Banks's petition.  A writ of mandamus is a drastic remedy available in only extraordinary circumstances.  In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).  A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable."  Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Banks has not demonstrated that his right to issuance of the writ is clear and indisputable.  For instance, he has not provided any documentation to support his allegations that he ordered copies of the referenced discovery; that the copies were indeed paid for; or that the Clerk's office represented to him that it mailed the copies to the prison.  To the extent that Banks asks this Court to contact the prison mail room to inquire into the alleged mail, this Court may not issue a writ of mandamus to the prison. Cf. 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.").

For these reasons, we will deny the petition for mandamus.